**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4767**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL RAY JESSUP, a/k/a Michael Gray Jessup,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:10-cr-00351-NCT-1)

Submitted: March 15, 2012        Decided: March 19, 2012

Before DUNCAN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Ray Jessup pled guilty to being a felon in possession of a firearm. The district court sentenced him to 188 months' imprisonment. Jessup contends on appeal that the sentence is unreasonable because it is greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a) (2006). We find that the sentence is reasonable and therefore affirm.

We review a sentence imposed by a district court for reasonableness, applying a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 46, 51 (2007). Such review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. at 41; see United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

The district court followed the necessary procedural steps in sentencing Jessup, appropriately treated the Sentencing Guidelines as advisory, properly calculated and considered the applicable Guidelines range, and weighed the relevant 18 U.S.C. § 3553(a) factors. We examine the substantive reasonableness of a sentence under the totality of the circumstances. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). Here, the district court considered the relevant sentencing factors, specifically noting that Jessup had a history of violent offenses, that he posed a significant danger when in possession of firearms, and that, upon his arrest, he had the shotgun

2

strapped to his leg and he was also in possession of a sheath knife.

This court accords a sentence within a properly calculated Guidelines range an appellate presumption of reasonableness. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). Such a presumption is rebutted only by showing "that the sentence is unreasonable when measured against the [§ 3553(a)] factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). We conclude that the district court's consideration of the § 3553(a) factors and imposition of the 188-month, within-Guidelines sentence was reasonable and not an abuse of discretion. See Gall, 552 U.S. at 41; United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) (applying appellate presumption of reasonableness to within-Guidelines sentence).

Accordingly, we affirm the 188-month sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED